**JIAN XING CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION REVIEWS,[1] Respondent.**

No. 05–1033–AG.

United States Court of Appeals,. Second Circuit.

April 6, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Donald W. Washington, United States Attorney for the Western District of Louisiana, Katherine W. Vincent, Assistant United States Attorney, Lafayette, Louisiana, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jian Xing Chen, through counsel, petitions for review of the February 18, 2005

---

1. Because neither party has objected to the designation of the respondent in this petition for review, the caption reflects the designation as it was filed. However, we assume that petitioner meant to designate the "Board of Immigration Appeals." Further, we note that the Attorney General, not the "Board of Immigration Appeals" (or "Reviews") is the proper respondent. See 8 U.S.C. § 1252(b)(3).

BIA decision denying him asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA issues an affirmance without opinion, this Court reviews the IJ's decision directly. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004).

First, the IJ (William F. Jankun) reasonably relied on discrepancies between the statements that Chen made during his airport interview and his hearing testimony. In *Ramsameachire v. Ashcroft,* we weighed four factors to determine whether statements made at an airport interview were sufficiently reliable to be the basis for an adverse credibility determination. 357 F.3d 169, 180 (2d Cir.2004). We found that the record of the interview should (1) consist of a reliable account of the petitioner's statements, (2) contain questions that elicited the details of an asylum claim and developed the petitioner's account of the events, (3) indicate whether the petitioner was reluctant to reveal information to U.S. officials because of prior coercive experiences with interrogation and (4) be free of any translation problems that would render the record unreliable. *Id.*

Chen's airport interview contains nine pages of typed transcript including several questions concerning his eligibility for asylum. The officer interviewing Chen informed him that he was not connected with the Chinese government, and established that Chen could understand the interpreter that was provided for him. Finally, although he claimed that he was mistreated during his 12–hour detention, there is no indication in the record that Chen was ever interrogated in a way that would make him reluctant to speak to U.S. officials.

Accordingly, the IJ reasonably found that Chen was inconsistent when he stated at his airport interview that he had never been arrested, imprisoned or had problems with the police, stated that he last practiced Falun Gong in December 1998 and omitted ever having been a victim of coercive family planning, but he testified at his hearing that he had been arrested and imprisoned by the police, that he continued to practice Falun Gong even after it was banned in July 1999, and that his wife was forced to undergo an abortion.

Additionally, the IJ found that Chen's testimony was inconsistent with his asylum application regarding his wife's abortion and his detention. At his hearing, Chen testified that he became angry and fought with family planning officials when they came to take his wife for a forced abortion. He then testified that he was arrested and detained for 12 hours until after his wife's abortion. However, in the statement that Chen submitted with his asylum application, he stated that he argued with, and was detained by, family planning authorities after he found out that his wife had been forced to undergo an involuntary abortion. This discrepancy goes to the heart of Chen's claim, and constitutes a cogent reason for a finding of adverse credibility. Next, the IJ reasonably held that Chen's testimony was internally inconsistent because he testified several times that he never registered or received any official recognition of his marriage from the Chinese government, but then testified that he and his wife applied, for and obtained, an official marriage certificate in April 1999. Finally, the IJ reasonably held that because Chen did not offer affidavits or testimony from his wife's family, with whom he lived in the United

States, Chen had failed to provide available corroborating evidence that he was an active practitioner of Falun Gong.

Based on a reasonable adverse credibility determination that is supported by substantial evidence, the IJ properly denied Chen asylum, withholding of removal and relief under the CAT. Because the IJ specifically stated that the documents he excluded from evidence would not have altered his credibility determination, we do not reach Chen's arguments that the IJ erred in requiring authentication for those documents. Accordingly, Chen's petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED.